UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
AMMIE LONG,

                                                     *Plaintiff*,

    -against-                                     **COMPLAINT**

JIN JIANG and
QUEENSBORO VOLKSWAGEN, INC.,

                                   *Defendants*.     Jury Trial Demanded
-----------------------------------------------------------------X

    Plaintiff, through counsel, The Law Offices of Robert Kaminski, PLLC, complaining of the above-named Defendants, respectfully alleges the following.

## INTRODUCTION

    This is a diversity action for damages in relation to Plaintiff's claims of negligence related to the defendants' ownership, operation, and control of their motor vehicle. Specifically, plaintiff sustained severe personal injuries when the vehicle she was operating was struck by the defendants' vehicle.

## PARTIES

1. At all times hereinafter mentioned, the Plaintiff, AMMIE LONG, (hereinafter referred to as "LONG") is a natural person who is a citizen of the State of Massachusetts.

2. At all times hereinafter mentioned, the JIN JIANG, (hereinafter referred to as "JIANG") is a natural person who is a citizen of the State of New York.

3. At all times hereinafter mentioned, the defendant Queensboro Volkswagon, Inc. was and still is a domestic corporation or some other entity organized, existing

and recognized by the State of New York where it maintains its principal place of business at 53-21 Northern Blvd, Woodside, NY 11377.

## JURISDICTION AND VENUE

4. Jurisdiction in this case is based upon diversity of citizenship, 28 U.S.C. §1332, in that: Plaintiff, LONG, is a citizen of the State of Massachusetts; Defendants, upon information and belief are not citizens of the State of Massachusetts and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

5. Venue is based on 28 U.S.C. §1391(b)(1) given that all defendants are residents of the State in which the district is located and Defendant Queensboro Volkswagon, Inc. is doing business within this Judicial District.

## FACTS/CAUSE OF ACTION

6. That, at all times relevant herein, the defendant Queensboro Volkswagon, Inc. was the owner of, or had exclusive care, custody and control over, a certain motor vehicle, bearing New York State Registration Number KSF 9895.

7. That at all times relevant herein, the defendant Queensboro Volkswagon, Inc. maintained, managed and controlled the aforesaid motor vehicle.

8. That at all times relevant herein, the defendant JIANG was the owner of, or had exclusive care, custody and control over, the aforesaid motor vehicle.

9. That at all times relevant herein, the defendant JIANG maintained, managed and controlled the aforesaid motor vehicle.

10. That at all times relevant herein, the defendant JIANG was the operator of the aforesaid motor vehicle with the knowledge, permission and consent, expressed or implied, of the owner of said vehicle.

11. That at all times relevant herein, the defendant Queensboro Volkswagon, Inc. employed defendant JIANG.

12. That at all times relevant herein, the defendant JIANG was the operator of the aforesaid motor vehicle within the course and scope of his employment.

13. That at all times relevant herein, N Broadway Street and Range Road are public streets and thoroughfares located in the County of Rockingham, Town of Salem, and State of New Hampshire.

14. That at all times relevant herein, the plaintiff was operating a motor vehicle.

15. That on or about the 2nd day of November 2021, at or near the above-described N Broadway Street and Range Road, the vehicle operated by the defendant JIANG came into contact with the vehicle being operated by the plaintiff.

16. That by reason thereof, the plaintiff was caused to be injured, and to sustain painful, permanent and disabling personal injuries, requiring medical care and treatment, and resulting in vocational and functional disability.

17. That as a result of the foregoing, the plaintiff sustained a Serious Injury as defined by Section 5102 of the Insurance Law of the State of New York.

18. That as a result of the foregoing, the plaintiff stained a loss greater than Basic Economic Loss as defined in Section 5102 of the Insurance Law of the State of New York.

19. That the foregoing injuries to the plaintiff were caused solely by and through the carelessness, recklessness, negligence and wanton and willful disregard on the part of the defendants herein, and without any negligence on the part of the plaintiff contributing thereto.

20. That if the defendants contend that Article 16 of the CPLR is relevant, then plaintiff alleges that one (1) or more exceptions contained in Article 16 are applicable herein.

21. That by reason of the above premises, the plaintiff has been damaged in a substantial sum of money to be determined by the court and jury, in excess of the jurisdictional limits of all lower courts which might have jurisdiction over the action.

WHEREFORE, plaintiff demands judgment against defendant, together with the costs and disbursements of this action.

Jury demand: The Plaintiff demands a trial by jury on all issues so triable.

Dated:  New York, New York
        November 11, 2021

_____
Robert Kaminski [RK-6286]
The Law Office of Robert Kaminski, PLLC
Counsel to the Plaintiff Ammie Long
557 Grand Concourse, #6003
Bronx, New York 10451

Tel. No.: (212) 355-5886